UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WALTER J. JACKSON,

                                    Plaintiff,

              -against-

CITY OF PEEKSKILL POLICE
DEPARTMENT; JACK GALUSHA,
*Lieutenant*; ALVARO FARIAS, *Detective,
Shield #103*,

                                    Defendants.

19-CV-10870 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

       Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that

Defendants towed and impounded his vehicle in violation of his rights under the Fourth and

Sixth Amendments. By order dated December 12, 2019, the Court granted Plaintiff's request to

proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth

below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date

of this order.

## STANDARD OF REVIEW

       The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see

Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3).

       While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The complaint alleges that, "[a]t the orders of Jack Galusha," a lieutenant with the Peekskill Police Department, Peekskill Detective Alvaro Farias had Plaintiff's car towed from New York Presbyterian Hospital while Plaintiff was undergoing medical treatment. (ECF No. 2, at 5.) Plaintiff asserts that he did not give Defendants consent to tow his vehicle and that they did not have a search warrant. His car remained in impound for two months. Plaintiff maintains that, because of Defendants, he lost his employment and his home, and went into debt.

Plaintiff sues the City of Peekskill Police Department, Lieutenant Jack Galusha, and Detective Alvaro Farias. He seeks $100,000.00 in damages and an order requiring Galusha and Farias "to stay away from [him]." (*Id.* at 6.)

## DISCUSSION

### A.    Claims against the Peekskill Police Department

Plaintiff's claims against the City of Peekskill Police Department must be dismissed because city agencies or departments do not have the capacity to be sued under New York law. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village.").

If Plaintiff files an amended complaint and wishes to bring claims against the municipality, he must name the City of Peekskill as a defendant. Plaintiff should be mindful, however, that when a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice,

and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

**B.    Rule 8**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's complaint is short and plain, but it does not allege sufficient facts and context for the Court to determine whether Plaintiff is entitled to relief. Specifically, the complaint provides no information about why Defendants had Plaintiff's car towed, where the car was parked, why it remained in impound for two months, and how Plaintiff was able to get it back.

Plaintiff asserts only that Defendants towed his car without a "search warrant." Plaintiff's assertion that the seizure violated his rights under the Fourth Amendment suggests that Defendants seized Plaintiff's car as part of a criminal investigation, but Plaintiff provides no other information to indicate whether his car was towed and impounded in relation to a criminal investigation. Plaintiff does not state whether he was arrested by Defendants or charged with a crime, whether any charges were dropped, or whether he was convicted or acquitted.

Plaintiff also asserts that Defendants violated his rights under the Sixth Amendment, which generally guarantees a criminal defendant the right to a fair trial and to the effective assistance of counsel for his defense. *See* U.S. Const. amend. VI. But Plaintiff fails to allege any facts that suggest that Defendants in any way violated his Sixth Amendment rights.

If Plaintiff's car was not towed and impounded in connection with a criminal investigation, he may be asserting claims that Defendants violated his right to due process under the Fourteenth Amendment. Plaintiff asserts that Defendants had his car towed without his

consent, but he does not plead facts indicating why his car was towed and impounded, or what process, if any, he was provided to challenge the impoundment or to get his back.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because it is not clear that granting leave to amend would be futile, the Court grants Plaintiff leave to amend his complaint to clarify his allegations.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to transmit a copy of this order to Plaintiff and note service on the docket.[1]

The Court dismisses Plaintiff's claims against the City of Peekskill Police Department. 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-10870 (CM). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

---

[1] Plaintiff has consented to receive electronic service of Court documents. (ECF No. 3.)

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   January 10, 2020
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:   ☐ Yes      ☐ No
(check one)

___ Civ. _____ (    )

**I.       Parties in this complaint:**

A.       List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's       Name_____
                  ID#_____
                  Current Institution_____
                  Address_____
                  _____

B.       List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant  No. 1       Name _____ Shield #_____
                       Where Currently Employed _____
                       Address _____
                       _____

Defendant No. 2          Name _____ Shield #_____

                         Where Currently Employed _____

                         Address _____

                         _____


Defendant No. 3          Name _____ Shield #_____

                         Where Currently Employed _____

                         Address _____

                         _____


Who did
what?

Defendant No. 4          Name _____ Shield #_____

                         Where Currently Employed _____

                         Address _____

                         _____


Defendant No. 5          Name _____ Shield #_____

                         Where Currently Employed _____

                         Address _____

                         _____


## II.     Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.


A.     In what institution did the events giving rise to your claim(s) occur?

       _____
       _____


B.     Where in the institution did the events giving rise to your claim(s) occur?

       _____


C.     What date and approximate time did the events giving rise to your claim(s) occur?

       _____
       _____
       _____


D.     Facts:_____

What
happened
to you?

       _____
       _____
       _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

<table>
<tr><td>Was anyone else involved?</td></tr>
</table>

_____
_____
_____
_____
_____
_____

<table>
<tr><td>Who else saw what happened?</td></tr>
</table>

## III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____
_____

## IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____    No _____

*Rev. 01/2010*                                    3

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.      Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

        Yes _____      No _____      Do Not Know _____

C.      Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

        Yes _____      No _____      Do Not Know _____

        If YES, which claim(s)?
        _____

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

        Yes _____      No _____

        If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

        Yes _____      No _____

E.      If you did file a grievance, about the events described in this complaint, where did you file the grievance?
        _____

        1.      Which claim(s) in this complaint did you grieve?
                _____

                _____

        2.      What was the result, if any?
                _____

                _____

        3.      What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
                _____
                _____
                _____
                _____

F.      If you did not file a grievance:

        1.      If there are any reasons why you did not file a grievance, state them here:
                _____
                _____
                _____

_____
_____
_____

2.   If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

Note:   You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V.   Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____
_____
_____
_____

**VI.    Previous lawsuits:**

On these claims

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

      Yes _____   No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

     1.    Parties to the previous lawsuit:

     Plaintiff _____
     Defendants _____

     2. Court (if federal court, name the district; if state court, name the county) _____
_____

     3.    Docket or Index number _____

     4.    Name of Judge assigned to your case_____

     5.    Approximate date of filing lawsuit _____

     6.    Is the case still pending?  Yes _____   No _____

     If NO, give the approximate date of disposition_____

     7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

On other claims

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?
     Yes _____   No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

     1.    Parties to the previous lawsuit:

     Plaintiff _____
     Defendants _____

     2.    Court (if federal court, name the district; if state court, name the county) _____
_____

     3.    Docket or Index number _____

     4.    Name of Judge assigned to your case_____

     5.    Approximate date of filing lawsuit _____

6.      Is the case still pending?  Yes _____  No _____

If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____
_____
_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff   _____

Inmate Number       _____

Institution Address     _____

_____

_____

_____


Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:  _____