UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

WALTER J. JACKSON,                          :
                        Plaintiff,          :
v.                                          :        **OPINION AND ORDER**
                                            :
ALVARO FARIAS and CITY OF                   :        19 CV 10870 (VB)
PEEKSKILL,                                  :
                        Defendants.         :
--------------------------------------------------------------x

Briccetti, J.:

Plaintiff Walter J. Jackson, proceeding pro se and in forma pauperis, brings this action

pursuant to 42 U.S.C. § 1983 against defendants Detective Alvaro Farias and the City of

Peekskill, alleging violations of his Fourth and Fourteenth Amendment rights.

Now pending is defendants' motion to dismiss the amended complaint ("AC") pursuant

to Rule 12(b)(6).  (Doc #16).[1]

For the following reasons, the motion is GRANTED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-

pleaded factual allegations in the amended complaint and draws all reasonable inferences in

plaintiff's favor, as summarized below.

---

[1]     On July 21, 2020, the Court's received plaintiff's undated request for leave to file a
second amended complaint to add an additional defendant he "discovered" was involved in the
conduct giving rise to his claims.  (Doc. #20).  The next day, the Court received plaintiff's
opposition to the instant motion, a one-page document stating in its entirety, "For the foregoing
reasons and all the others discussed in Plaintiff's Complaint, the present Motion to Dismiss
should be denied."  (Doc. #21).  By Order dated July 23, 2020, the Court granted plaintiff's
request to file a second amended complaint.  (Doc. #22).  On August 5, 2020, the Court received
another letter from plaintiff asking to withdraw his request to file a second amended complaint.
(Doc. #23).  The Court granted that request on August 6, 2020, and deemed plaintiff's amended
complaint the operative pleading in this action.  (Doc. #24).

Plaintiff alleges on May 25, 2019, he received medical treatment for a gunshot wound to his right arm, at New York-Presbyterian Hudson Valley Hospital in Cortlandt Manor, New York. Plaintiff claims he was approached by Detective Farias at 12:00 a.m., at which time Detective Farias asked plaintiff if he wanted to discuss his injury.  Plaintiff declined.

Plaintiff claims he received a call from his mother shortly thereafter advising him that three Peekskill police officers went to her home, informed her that plaintiff had been shot, and asked what kind of car plaintiff drove.  According to plaintiff, his mother told the officers, "you give my son enough parking tickets you should know what kind of car he drives."  (Doc. #7 ("AC") at ECF 3).[2]

Plaintiff alleges he was discharged at 1:55 a.m. on May 25, 2019.  He claims that when he went to drive home, his car was no longer where he had parked it in the emergency room parking lot and a security guard informed him the Peekskill police had towed the vehicle.  He alleges he went to the Peekskill police department later that day and was advised his car was part of an investigation.  Plaintiff left the station without his car.

According to plaintiff, on June 7, 2019, in an attempt to retrieve plaintiff's vehicle and personal belongings, plaintiff's mother and another individual spoke with Westchester County Assistant District Attorney Mike Borelli on plaintiff's behalf.  Plaintiff claims the Assistant District Attorney told plaintiff's mother and the individual that "it's a D.A. hold."  (AC at ECF 4).

---

[2]   "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing System.

Plaintiff alleges Lt. Jack Galusha released plaintiff's car to plaintiff on July 9, 2019,[3] "after his 'investigation' was over." (AC at ECF 4).

## DISCUSSION

I.    Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). [4]  First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.  Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."  Ashcroft v. Iqbal, 556 U.S. at 670.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility."  Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

---

[3]    Although the AC states the car was released to plaintiff on July 9, 2018, the Court assumes this is a typographical error and the car was released in July 2019.

[4]    Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

The Court must liberally construe submissions of <u>pro se</u> litigants and interpret them "to raise the strongest arguments that they <u>suggest</u>." <u>Triestman v. Fed. Bureau of Prisons</u>, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam).  Applying the pleading rules permissively is particularly appropriate when, as here, a <u>pro se</u> plaintiff alleges civil rights violations.  <u>See</u> <u>Sealed Plaintiff v. Sealed Defendant</u>, 537 F.3d 185, 191 (2d Cir. 2008).  "Even in a <u>pro se</u> case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Chavis v. Chappius</u>, 618 F.3d 162, 170 (2d Cir. 2010).  Nor may the Court "invent factual allegations" a plaintiff has not pleaded.  <u>Id</u>.

II.    <u>Personal Involvement</u>

Defendants argue plaintiff fails plausibly to allege Detective Farias's personal involvement in any alleged constitutional violation.

The Court agrees.

To adequately plead a Section 1983 claim, a plaintiff must "plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." <u>Ashcroft v. Iqbal</u>, 556 U.S. at 676.  Indeed, "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under Section 1983." <u>Wright v. Smith</u>, 21 F.3d 496, 501 (2d Cir. 1994).

 Here, plaintiff fails plausibly to allege Detective Farias was personally involved in the alleged Fourth and Fourteenth Amendment violations.  Indeed, the only allegation regarding Detective Farias's conduct is that he asked plaintiff if plaintiff wanted to discuss the gunshot wound.  The AC is devoid of any allegation that Detective Farias was personally involved in the towing, seizure, or return of plaintiff's vehicle.

4

Accordingly, plaintiff's Fourth and Fourteenth Amendment claims against Detective Farias must be dismissed.

III.   Monell Claim

Defendants argue plaintiff fails plausibly to state a claim against the City pursuant to Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).

The Court agrees.

A municipality is liable for a deprivation of a citizen's rights pursuant to Section 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell v. Dep't of Soc. Servs., 436 U.S. at 694.  A municipality may be held liable for inadequate training, supervision, or hiring when the failure to train, hire, or supervise amounts to deliberate indifference to the rights of those with whom municipal employees will come into contact.  City of Canton v. Harris, 489 U.S. 378, 388 (1989).

Here, plaintiff fails to allege the City caused any violation of plaintiff's rights.  Although plaintiff alleges his constitutional rights were violated by the department's seizure of his car, plaintiff has identified no specific municipal policy or custom that caused his injuries or provided any allegation supporting a plausible inference of a pattern and practice through a failure to train or supervise.  Indeed, "a 'single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy.'"  Santana v. City of New York, 2018 WL 1633563, at *10 (S.D.N.Y. Mar. 29, 2018) (quoting DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998)).[5]

---

[5]     Because plaintiff is proceeding pro se, he will be provided with copies of all unpublished opinions cited in this decision.  See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

Accordingly, the AC plainly fails to state a plausible <u>Monell</u> claim.

IV.   <u>Leave to Amend</u>

Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs that courts "should freely give leave" to amend a complaint "when justice so requires."  Liberal application of Rule 15(a) is warranted with respect to a <u>pro se</u> litigant, who "should be afforded every reasonable opportunity to demonstrate that he has a valid claim."  <u>Matima v. Celli</u>, 228 F.3d 68, 81 (2d Cir. 2000).  District courts "should not dismiss [a <u>pro se</u> complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  <u>Cuoco v. Moritsugu</u>, 222 F.3d 99, 112 (2d Cir. 2000).  But "a futile request to replead should be denied."  <u>Id</u>.  Moreover, a plaintiff's "failure to fix deficiencies in the previous pleading, after being provided notice of them, is alone sufficient ground to deny leave to amend."  <u>Jeanty v. Newburgh Beacon Bus Corp.</u>, 2018 WL 6047832, at *12 (S.D.N.Y. Nov. 19, 2018), <u>appeal</u> <u>dismissed</u> No. 18-3677 (2d Cir. Mar. 21, 2019).

Here, the Court has twice granted plaintiff leave to amend:  first, by Order to Amend dated January 10, 2020 (Doc. #5), and second, in response to plaintiff's July 21, 2020, letter requesting leave to add an additional party (Doc. #22), a request he later withdrew.  (Doc. #23). The request to add another party was made and then withdrawn after defendants moved to dismiss contending, among other things, that the AC failed to allege Detective Farias's personal involvement in the towing, seizure, or return of the car.  In the January 10, 2020, Order to Amend, the Court concluded, among other things, that plaintiff's initial complaint did not comply with the pleading requirements of Rule 8 and specifically identified the deficiencies plaintiff would need to address in order to state claims for violations of the Fourth and Fourteenth Amendments.  (<u>Id</u>.).  Plaintiff failed to do so and, even after being notified in the

6

motion to dismiss of the specific deficiencies in the AC, he "has not suggested he is in possession of facts that would cure the deficiencies identified." Jeanty v. Newburgh Beacon Bus Corp., 2018 WL 6047832, at *12. The problems with plaintiff's claims are "substantive," such that "better pleading will not cure" them. Cuoco v. Moritsugu, 222 F.3d at 112.

Accordingly, the Court declines to grant plaintiff leave to amend a third time.

## CONCLUSION

The motion to dismiss is GRANTED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis is denied for the purposes of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk is instructed to terminate the motion (Doc. #16) and close this case.

Chambers will mail a copy of this Opinion and Order to plaintiff at the address on the docket.

Dated:  March 8, 2021
        White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge

7